IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**In re:**

**CHRISTOPHER LADALE LANE**                     **CHAPTER 7 DEBTOR**

**CHRISTOPHER LADALE LANE**                     **APPELLANT**

**v.**                                    **CIVIL ACTION NO. 1:25-cv-132-HSO-BWR**

**KARAM FAMILY, LLC**                                        **APPELLEE**

### ORDER DENYING APPELLANT'S MOTION [9] TO SUPPLEMENT OR CORRECT RECORD AND FOR JUDICIAL NOTICE

In this bankruptcy appeal, Debtor/Appellant Christopher LaDale Lane asks the Court to supplement the record on appeal with five specific items from the related state-court action.   Lane's Motion [9] to Supplement or Correct Record and for Judicial Notice should be denied

### I.   BACKGROUND

Debtor/Appellant Christopher LaDale Lane ("Lane" or "Appellant") appeals the April 28, 2025, Final Judgment entered by the United States Bankruptcy Court for the Southern District of Mississippi in an adversary proceeding initiated by Appellee Karam Family, LLC, which found a Florida state-court judgment against Lane nondischargeable in his bankruptcy.   At the conclusion of briefing on this appeal, Lane filed a Motion [9] asking the Court to supplement the record on appeal with five specific items (labeled Exhibits A through E) from the related state-court case under Federal Rule of Bankruptcy Procedure 8009(e)(2), and to take judicial

notice of the items under Federal Rule of Civil Procedure 201(b)(2).   *See* Mot. [9]

at 2-3.   He describes these items as:

> Ex. A – Florida docket sheet (certified).
> Ex. B – Clerk's Default (Jan. 16, 2020).
> Ex. C – Default Final Judgment (July 30, 2020) awarding $821,771.44 and 6.33% interest.
> Ex. D – Plaintiff's motion for default final and supporting filings.
> Ex. E – Clerk affidavit attesting that no evidentiary hearing or findings occurred (to be provided upon receipt from the Florida clerk, if available).

*Id.* at 2.   Lane did not attach any of these five exhibits to his Motion [9] or

otherwise supply them to the Court.   *See id.*

## II.   DISCUSSION

Lane cites Federal Rule of Bankruptcy Procedure 8009(e)(2) and Federal Rule

of Evidence 201(b)(2).   *See id.*   Rule 8009(e)(2) provides:

> If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected, and a supplemental record may be certified and sent:
> (A) on stipulation of the parties;
> (B) by the bankruptcy court before or after the record has been sent; or
> (C) by the court where the appeal is pending.

Fed. R. Bankr. P. 8009(e)(2).   Rule 201(b)(2) states that a court

> may judicially notice a fact that is not subject to reasonable dispute because it:
> (1)   is generally known within the trial court's territorial jurisdiction; or
> (2)   can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201.

At least one of the items with which Lane seeks to supplement the record,

labeled Exhibit C, already appears in the appeal record numerous times, mooting

the Motion [9] in that respect.   *See, e.g.,* R. [2-4] at 24-25 (July 30, 2020, Default

Final Judgment).   As for the other four items, Plaintiff has not supplied them, and

the Court does not have access to certified records of the state court.   *See* Mot. [9]

at 2; Fed. R. Civ. P. 201.   And the parties did not rely upon, or even cite, these non-

record items in their appeal briefs, such that taking judicial notice of any of them is

unnecessary for purposes of resolving this appeal.   Nor is there any indication that

the Bankruptcy Court relied upon any of these items, that any of them are

"material to either party," or that they were "omitted from or misstated in the

record by error or accident."   Fed. R. Bankr. P. 8009(e)(2).   One item, the "Clerk

affidavit attesting that no evidentiary hearing or findings occurred" apparently does

not currently exist and would "be provided upon receipt from the Florida clerk, if

available."   Mot. [9] at 2.   The Court therefore finds that the record need not be

"corrected" under Rule 8009(e)(2), nor would taking judicial notice be appropriate.[1]

### III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that,

Debtor/Appellant Christopher LaDale Lane's Motion [9] to Supplement or Correct

Record and for Judicial Notice is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 22nd day of May, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE

---

[1]   Even if the Court considered the additional exhibits, the outcome of the appeal would not change.