**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**In re:**

**CHRISTOPHER LADALE LANE**                    **CHAPTER 7 DEBTOR**

**CHRISTOPHER LADALE LANE**                    **APPELLANT**

**v.**                    **CIVIL ACTION NO. 1:25-cv-132-HSO-BWR**

**KARAM FAMILY, LLC**                    **APPELLEE**

**MEMORANDUM OPINION AND ORDER AFFIRMING THE BANKRUPTCY
COURT'S APRIL 28, 2025, FINAL JUDGMENT AND DISMISSING APPEAL**

Debtor/Appellant Christopher LaDale Lane ("Lane" or "Appellant") appeals

the April 28, 2025, Final Judgment entered by the United States Bankruptcy Court

for the Southern District of Mississippi in an adversary proceeding initiated by

Appellee Karam Family, LLC, which found a Florida state-court judgment against

Lane nondischargeable.    *See* Notice [1-2]; R. [2-5] (Bankruptcy Final Judgment

ECF No. 56).    The appeal has been fully briefed in accordance with Federal Rule of

Bankruptcy Procedure 8018.    After consideration of the record and relevant legal

authority, the Court finds that the Bankruptcy Court's Final Judgment should be

affirmed, and this appeal should be dismissed.[1]

---

[1]   The Court finds that the facts and legal arguments are adequately presented in the
parties' Briefs and in the record, and that the decisional process would not be significantly
aided by oral argument.    *See* Fed. R. Bankr. P. 8019(b)(3).

## I.   BACKGROUND

On April 10, 2019, Lane filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Mississippi (the "Bankruptcy Case").   *See In re Christopher LaDale Lane*, No. 19-50681-KMS, Doc. 1 (Bankr. S.D. Miss. Apr. 10, 2019).   Lane received an order of discharge on September 11, 2019, and his Bankruptcy Case was closed.   On January 25, 2023, Lane filed an emergency motion to reopen the Bankruptcy Case and an amended motion to "file an amendment to schedules to add a creditor that was inadvertently left off his schedules," *In re Christopher LaDale Lane*, No. 19-50681-KMS, Doc. 31, Doc. 33 (Bankr. S.D. Miss. Jan. 25, 2023), which the Bankruptcy Court granted on February 3, 2023, *In re Christopher LaDale Lane*, No. 19-50681-KMS, Doc. 38 (Bankr. S.D. Miss. Feb. 3, 2023).   After Lane amended his schedules to identify for the first time Appellee Karam Family, LLC ("Karam" or "Appellee") as a creditor, Karam initiated an adversary proceeding on February 8, 2023 (the "Adversary Proceeding") to contest dischargeability of a debt Lane previously owed Karam.   *See* R. [2-4] at 2.

The debt in question was a default judgment Karam obtained against Lane on July 30, 2020, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.   *See* R. [2-4] at 24 (default final judgment).   Karam had filed suit against Lane; James E. Foster, Jr. ("Foster"); AEF Media, LLC, d/b/a Discount Miners, LLC; and Discount Miners, LLC, on October 3, 2019, *see id.* at 286, advancing claims against all defendants for: (1) civil theft; (2) fraudulent inducement; and (3) breach of contract, *see id.* at 290-93.   Specifically, Karam

alleged that in January 2018 defendants had failed to deliver 100 Bitmain S9 Antminers to Karam, for which it had paid defendants $270,000.00. *See id.* at 288-93. On July 30, 2020, the state court entered a default final judgment in Karam's favor against Lane and Discount Miners, LLC, in "the sum of $810,000.00, with the amount of $10,710.00 in attorney's fees, and the amount of $1,061.44 in costs," plus interest. *Id.* at 24. Although Lane incurred the underlying debt before he sought bankruptcy protection, he failed to disclose any debt to Karam or list Karam as a creditor when he filed his bankruptcy petition. *See In re Christopher LaDale Lane*, No. 19-50681-KMS, Doc. 12 (Bankr. S.D. Miss. Apr. 24, 2019) (schedules of secured and unsecured creditors); R. [2-3] at 176 (Bankruptcy Court taking note of the schedules at trial). After Karam initiated this adversary proceeding, R. [2-4] at 2, it filed on April 18, 2023, a proof of claim for the $821,771.44 "nondischargeable judgment," *id.* at 224-26.

Following a trial on Karam's adversary complaint, on April 28, 2025, the Bankruptcy Court found that the default judgment should be given preclusive effect, rendering the debt excepted from Lane's previously-issued bankruptcy discharge under 11 U.S.C. § 523(a)(4). *See* R. [2-3] at 191. The Bankruptcy Court entered a

> final judgment of nondischargeability in favor of the Plaintiff Karam Family, LLC and against Defendant Christopher LaDale Lane in the amount of $821,771.44 (Florida Default Judgment amount), plus interest at the Florida statutory rate (*see* Fla. Stat. Ann. § 55.03) until the date of this Final Judgment, plus post-judgment interest at the federal judgment rate from the date of this Final Judgment until paid (*see* 28 U.S.C. § 1961) . . . .

*Id.*; *see also Karam Family, LLC v. Lane*, No. 23-06003-KMS, No. 55 (Bankr. S.D. Miss. Apr. 28, 2025) (Bankruptcy Court Opinion and Order).

Proceeding pro se, Lane appeals the Bankruptcy Court's Final Judgment, stating the following issues:

1. Whether the Bankruptcy Court erred in finding the debt to Karam Family, LLC nondischargeable under 11 U.S.C. § 523(a)(4).
2. Whether the Bankruptcy Court erred in granting preclusive effect to a default judgment from a foreign state court.
3. Whether the Bankruptcy Court erred in enforcing a judgment where the record did not establish personal jurisdiction over the Defendant.

Br. [5-1] at 2.

Lane contends that, because the state-court default judgment was entered without his participation and without evidentiary findings, it "lacks the requisite 'actual litigation' to preclude relitigation of fraud or larceny in bankruptcy," Br. [5] at 2, as "no adversarial proceed occur[red]," *id.* at 3. Lane maintains that he should be permitted to contest nondischargeability of this debt under 11 U.S.C. § 523(a)(4), particularly given Karam's failure to challenge the bankruptcy discharge granted to AEF Media, LLC, and James Foster, who had identified Karam as a creditor in their bankruptcy. *See id.* at 5. Lane characterizes this as an "opportunistic litigation strategy and penalizes Lane for a debt he did not know existed." *Id.* Lane seeks reversal of the Bankruptcy Court's order holding the debt nondischargeable under § 523(a)(4) or a remand to the Bankruptcy Court "for independent findings of fact and a merits-based determination consistent with due process and bankruptcy law." *Id.* at 6.

Karam frames the issues as follows:

1. Whether the Bankruptcy Court properly applied collateral estoppel to a Florida default judgment that conclusively established civil theft under Florida law, thereby rendering the debt nondischargeable under 11 U.S.C. § 523(a)(4).
2. Whether the Bankruptcy Court correctly found that the debt was not discharged under § 523(a)(3) because Karam was not listed as a creditor and had no notice of the bankruptcy.
3. Whether Lane's strategic failure to participate in the Florida litigation undermines rather than supports any claim to "fresh start" protection.

Br. [7] at 3.   Karam contends that the Bankruptcy Court correctly applied collateral estoppel to the Florida default judgment and that the Florida court's civil theft finding satisfies the requirements for nondischargeability under 11 U.S.C. § 523(a)(4).   *See id.* at 5-7.   It insists that Lane's argument that a default judgment cannot support collateral estoppel because no actual litigation occurred runs counter to both Florida and federal law.   *See id.* at 7.   Finally, Karam argues that Lane's theory of "selective pursuit" of a judgment against only him lacks merit, as Karam "simply pursued its legal remedies against a debtor who had defrauded it, unaware that Lane had filed for bankruptcy while concealing the debt."   *Id.* at 8.

Lane replies that "[w]here a Florida default arises from a multi-count complaint, the default does not establish which theory controlled or the mental state the Bankruptcy Code requires," such that "the identical-issues element fails." Reply [8] at 6.   Because the Florida judgment made no specific findings, it did not "adjudicate Lane's intent or a debtor-specific taking" sufficient to satisfy § 523(a)(4). *Id.* at 7.

## II.   JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction over the appeal of this adversary proceeding.   *See* 28 U.S.C. §§ 157(b)(1)-(2), 158(a).   Because this is a core proceeding, *see, e.g.,* 28 U.S.C. § 157(b)(2)(A), (B), (I), the Court reviews the Bankruptcy Court's "decision to give preclusive effect to a state court judgment de novo, and its findings of fact under a clearly erroneous standard," *In re Gupta*, 394 F.3d 347, 349 (5th Cir. 2004).

## III.   DISCUSSION

### A.   Was Lane's Debt Dischargeable in Bankruptcy?

### 1.   Dischargeability

"The principal purpose of the Bankruptcy Code is to grant a fresh start to the honest but unfortunate debtor."   *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007) (quotations omitted).   In that vein, Chapter 7 "authorizes a discharge of prepetition debts following the liquidation of the debtor's assets by a bankruptcy trustee, who then distributes the proceeds to creditors."   *Id.*

But 11 U.S.C. § 523 sets forth certain exceptions to discharge, which "have only selective application, i.e., only particular, specified debts are excepted from the discharge of debt that the debtor otherwise is granted."   *Matter of Matloff*, No. 24-10439, 2025 WL 2848990, at *7 (5th Cir. Oct. 8, 2025) (per curiam).   A creditor must establish by a preponderance of the evidence that his claim is not dischargeable.   *Grogan v. Garner*, 498 U.S. 279, 287 (1991).   Relevant here, an individual debtor is not discharged from any debt "for . . . larceny."   11 U.S.C. § 523(a)(4).

The statutory text of § 523(a)(4) "adds no further criteria or qualifications" to the larceny exception. *Matter of Cowin*, 864 F.3d 344, 351 (5th Cir. 2017). The Fifth Circuit has held that "a plain reading of the provision is that a debtor cannot discharge a debt that arises from larceny so long as the debtor is liable to the creditor for the larceny." *Id.* "It is the character of the debt rather than the character of the debtor that determines whether the debt is nondischargeable under § 523(a)(4)." *Id.* So, if the debt to a creditor arises from larceny, it is nondischargeable in bankruptcy. *Id.*

"Larceny" is not defined in the Bankruptcy Code, but "its use in § 523(a)(4) is governed by federal common law." *In re Smith*, No. 00-21090, 2001 WL 498662, at *2 (5th Cir. Apr. 12, 2001) (per curiam). The common law definition of larceny is "a felonious taking of another's personal property with intent to convert it or deprive the owner of same." *Id.* (quotation omitted).

2.   Florida Civil Theft Statute

Karam advanced several claims against Lane in the Florida case, including one for civil theft brought under Florida Statutes §§ 772.11 and 812.014. *See* R. [2-4] at 290-91. Section 772.11(1) provides in relevant part that

> [a]ny person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of ss. 812.012-812.037 or s. 825.103(1) has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts.

Fla. Stat. § 772.11(1). Here, Karam claimed that Lane and his state court co-defendants violated § 812.014, which states that

> [a] person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
> (a)    Deprive the other person of a right to the property or a benefit from the property.
> (b)    Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.

Fla. Stat. § 812.014(1).   Under this statute, "[a] felonious intent to steal is a necessary element of proof."   *In re Jordan*, No. 8:24-AP-00227-RCT, 2025 WL 2421032, at *5 (Bankr. M.D. Fla. Aug. 8, 2025).   The foregoing definition fits within the common law definition of larceny, in that establishing the statutory elements requires the showing of "a felonious taking of another's personal property with intent to convert it or deprive the owner of same."   *In re Smith*, 2001 WL 498662, at *2.

3.    <u>Whether the Bankruptcy Court Erred in Concluding the Florida Default Judgment Would be Nondischargeable under 11 U.S.C. § 523(a)(4)</u>

Regardless of whether the default judgment is found to have preclusive effect, the first question raised by Lane is whether a judgment debt to Karam under the Florida statutes at issue would be nondischargeable under 11 U.S.C. § 523(a)(4). *See* Br. [5-1] at 2.   This answer is undoubtedly yes.

Karam sought recovery in state court under the Florida Civil Theft Statute, Florida Statutes § 772.11(1), by claiming that Lane and his co-defendants violated Florida Statutes § 812.014, which provides that

> [a] person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
> (a)    Deprive the other person of a right to the property or a benefit from the property.

> (b)    Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.

Fla. Stat. § 812.014(1).   For a criminal conviction or civil recovery under this statute, "[a] felonious intent to steal is a necessary element of proof."   *In re Jordan*, 2025 WL 2421032, at *5.   And the Fifth Circuit has held that a conviction under § 812.014 satisfies the definition of larceny and the requirements of nondischargeability under § 523(a)(4).   *See In re Smith*, 2001 WL 498662, at *2; *see also, e.g., In re Rogers*, 193 B.R. 55, 60 (Bankr. M.D. Fla. 1996) (holding that "treble damages awarded by the state court upon a finding of liability under Fla. Stat. § 812.014(1) is excepted from Defendants' discharge under 11 U.S.C. § 523(a)(6)"). Therefore, if the Florida default judgment is entitled to preclusive effect, the judgment for the claim under Florida Statutes §§ 772.11 and 812.014 would be excepted from Lane's discharge.   *See* 11 U.S.C. § 523(a)(4); *In re Smith*, 2001 WL 498662, at *2.   The Bankruptcy Court did not err in this regard.

**B.**    <u>Does Collateral Estoppel Apply to Karam's Default Judgment against Lane?</u>

**1.**    <u>Collateral Estoppel</u>

"A bankruptcy court may apply collateral estoppel in a dischargeability proceeding to preclude relitigation of state court findings that are relevant to dischargeability."   *In re Gupta*, 394 F.3d at 349; *see also Grogan v. Garner,* 498 U.S. 279, 285 n.11 (1991) (holding that "collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)").   In determining whether collateral estoppel applies to a state-court judgment, a bankruptcy court applies that state's rules of issue preclusion.   *See In re Keaty*, 397 F.3d 264, 270

(5th Cir. 2005); *In re Whitaker*, 642 F. App'x 345, 347 (5th Cir. 2016). "The ultimate determination of dischargeability is, however, a federal question." *In re Gupta*, 394 F.3d at 349-50.

Under Florida law, "issue preclusion (i.e., collateral estoppel) prevents the same parties from relitigating the same issues that were litigated and actually decided in a second suit involving a different cause of action." *Philip Morris USA, Inc. v. Douglas*, 110 So. 3d 419, 433 (Fla. 2013). "The essential elements of the doctrine are that the parties and issues be identical, and that the particular matter be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction." *Dep't of Health & Rehab. Servs. v. B.J.M.*, 656 So. 2d 906, 910 (Fla. 1995). According to the Eleventh Circuit, "the issue must have been a critical and necessary part of the prior determination." *Crowley Mar. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 931 F.3d 1112, 1126 (11th Cir. 2019).

Although stated differently, federal common law recognizes similar requirements for the application of issue preclusion:

> (1) the issue to be precluded must be identical to that involved in the prior action; (2) in the prior action the issue must have been actually litigated; and (3) the determination made of the issue in the prior action must have been necessary to the resulting judgment.

*Matter of Davis*, 3 F.3d 113, 114 (5th Cir. 1993).

2.    Preclusive Effect of a Default Judgment

Under either Florida or federal common law, the doctrine of collateral estoppel can apply to an earlier default judgment. *See, e.g., In re Montgomery*, 200 F. App'x 320, 322 (5th Cir. 2006); *In re Pena*, 619 B.R. 779, 782 (Bankr. S.D. Fla.

2020) ("Under Florida law, a default judgment satisfies the actually litigated element under Florida collateral estoppel law.") (collecting cases); *In re Itzler*, 247 B.R. 546, 555 (Bankr. S.D. Fla. 2000) ("[U]nder Florida law, even a pure default judgment, which arose from no participation of the defendant, is sufficient to meet the 'fully litigated' element of collateral estoppel."). "The decision to not participate in the State Court Case, after being duly served with the State Court Complaint, does not provide Debtor/Defendant another bite of the apple," as "[t]he choice to not defend the State Court Complaint is an insufficient basis to force the parties to re-litigate matters that were decided." *In re Pena*, 619 B.R. at 782. But that does not end the inquiry, as the other elements of collateral estoppel must also be satisfied. *See id.*

One court has observed that the first two elements of collateral estoppel under Florida law – "identity of the issues and necessity to the prior judgment – are often the most difficult to establish in the bankruptcy context," particularly "when the earlier judgment is a default judgment." *In re Khullar*, No. 24-13663-SMG, 2025 WL 1507748, at *4 (Bankr. S.D. Fla. May 27, 2025). This can become an issue particularly where a complaint contains alternative factual allegations, some of which would satisfy the requirements of a subsection of 11 U.S.C. § 523 and others would not. *See In re Harris*, 3 F.4th 1339, 1348 (11th Cir. 2021). Therefore, the Eleventh Circuit has predicted that "Florida courts would not afford preclusive effect to a general default judgment that does not specify its ground." *Id.* In other words,

11

when a complaint alleges several alternative (and inconsistent) factual grounds for a legal claim, and each of those grounds would be independently sufficient to establish the claim, it is impossible to tell which of the grounds a general default judgment was based on.   And if one of those alternative factual grounds is insufficient to meet the elements of fraud under the Bankruptcy Code, the issues cannot be deemed identical.

*Id.* at 1348-49.

3.    Whether the Bankruptcy Court Erred in Granting Preclusive Effect to the Default Judgment

There is no dispute that the first two elements of collateral estoppel, identity of the parties and the issue, are satisfied here.   *See B.J.M.*, 656 So. 2d at 910. Both Lane and Karam were parties to the prior Florida proceeding, and an issue presented by the state court complaint was whether Lane violated Florida Statute § 812.014, the civil theft statute.   *See* R. [2-3] at 8-9; R. [2-4] at 286-94.   The questions presented are: (1) whether the issue (whether Lane committed larceny) was actually litigated and a critical and necessary part of the state court's determination; and (2) whether there was a full and fair opportunity to litigate that issue.   *See* Br. [5]; Br. [7]; Reply [8]; *Crowley Mar. Corp.*, 931 F.3d at 1126; *B.J.M.*, 656 So. 2d at 910.

The state-court complaint advanced three claims against Lane and his co-defendants: (1) civil theft under Florida Statutes §§ 772.11 and 812.014, requesting an award of treble damages of $810,000.00, interest, attorneys' fees, and costs; (2) fraudulent inducement based on a wire transfer of $270,000.00, seeking damages, interest, attorneys' fees, and costs; and (3) breach of contract by failing to deliver

100 Bitmain S9 Antminers in January 2018 to Karam after it paid $270,000.00 for them, seeking damages, interest, attorneys' fees, and costs. *See* R. [2-4] at 290-93.

The complaint did not contain alternative factual allegations, which alleviates the concern some courts have expressed with establishing the first two elements of collateral estoppel under Florida law. *See In re Harris*, 3 F.4th at 1348; *In re Khullar*, 2025 WL 1507748, at *4. Based upon the complaint and default judgment, the default judgment was entered on the claim under Florida Statutes §§ 772.11 and 812.014; this is particularly clear given the award of treble damages in the amount of $810,000.00, *see* R. [2-4] at 24, which was only requested in the first count, *see id.* at 291-93. A claim under these statutes satisfies the definition of larceny and the requirements of nondischargeability of a debt under § 523(a)(4). *See* 11 U.S.C. § 523(a)(4); *In re Smith*, 2001 WL 498662, at *2; R. [2-4] at 24-25. And whether Lane committed larceny under these statutes was actually litigated by virtue of the entry of the default judgment, *see In re Montgomery*, 200 F. App'x at 322; *In re Pena*, 619 B.R. at 782, and was a critical and necessary part of the state court's determination that default judgment was proper, establishing those elements of collateral estoppel, *see Crowley Mar. Corp.*, 931 F.3d at 1126; R. [2-4] at 24-25, 290-92.

As for whether Lane had a full and fair opportunity to litigate the larceny issue, *see Crowley Mar. Corp.*, 931 F.3d at 1126, the evidence reflects that he was served with process in the Florida case through Lane's co-resident at his usual place

of abode, *see* R. [2-4] at 41,[2] and when he did not appear, a default judgment was entered as to the claim under Florida Statutes §§ 772.11 and 812.014, *see, e.g.,* R. [2-3] at 140 (Karam's testimony at trial); *id.* at 25-26 (state court default judgment). At the time the Bankruptcy Court conducted its trial, Lane had never contested the validity of the Florida default judgment, nor did he try to appeal the default judgment or have it set aside.[3]    *See id.* at 140.    The Bankruptcy Court correctly found that Lane had a full and fair opportunity to litigate, but chose not to, supporting its collateral estoppel finding.

C.    Did the Bankruptcy Court Err in Enforcing the Judgment Due to the State Court's Alleged Lack of Personal Jurisdiction over Lane?

As a final issue, Lane contends that the Bankruptcy Court erred in enforcing the default judgment where the record did not establish the state court's personal jurisdiction over him.    *See* Br. [5-1] at 2.    A challenge to personal jurisdiction may

---

[2]    *See also* Fla. Stat. § 48.031(1)(a) ("Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents . . ."); *Friedman v. Schiano*, 777 F. App'x 324, 331 (11th Cir. 2019) (holding while resolving a motion to set aside default judgment that, when documents are delivered to a defendant's co-resident who is 15 years of age or older, at the defendant's usual place of abode, in accordance with Florida Statute § 48.031(1)(a), the burden shifts to the defendant to invalidate the service return "via clear and convincing evidence").

[3]    After the Bankruptcy Court's decision, but before briefing began in this Court, Lane filed motions to vacate the default judgment in the state court under Florida Rule of Civil Procedure 1.540(b)(4), *see Karam Family, LLC v. James*, No. 2019-029343-CA-01, Doc. [31] (Fla. Cir. Ct. June 10, 2025); *id.* at Doc. [33] (Fla. Cir. Ct. June 11, 2025), which Karam opposed, *see id.* at Doc. [38] (Fla. Cir. Ct. July 24, 2025).    The parties have not addressed the effect, if any, of Lane's state-court motions on this appeal.    A vacated judgment does not have preclusive effect on subsequent litigation, *see Aronowitz v. Home Diagnostics, Inc.*, 174 So. 3d 1062, 1067 (Fla. Dist. Ct. App. 2015), but a motion under Florida Rule of Civil Procedure 1.540(b) "does not affect the finality of a judgment, decree, or order or suspend its operation," Fla. R. Civ. P. 1.540(b).    Because the default judgment has not been set aside, it remains valid and enforceable.    *See id.*

14

be raised either in the foreign court or in the court where the judgment is sought to be enforced.  *See Williams v. Cadlerock Joint Venture, L.P.*, 980 So. 2d 1241, 1243 (Fla. Dist. Ct. App. 2008).  "[W]here the jurisdictional issue is not fairly litigated in the initial court, the defendants are free to raise the question de novo in the jurisdiction in which enforcement of the judgment is attempted."  *Riskin v. Miklos*, 569 So. 2d 940, 941 (Fla. Dist. Ct. App. 1990).  In other words, "a defendant seeking to dispute personal jurisdiction is 'always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment . . . in a collateral proceeding.'"  *Coney Island Auto Parts Unlimited, Inc. v. Burton Tr. for Vista-Pro Auto., LLC*, 146 S. Ct. 579, 584 (2026) (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982)).

But "the 'expression of legal rights is often subject to certain procedural rules,' and 'the failure to enter a timely objection' may result in the loss of a legal right."  *Id.* (quoting *Insurance Corp. of Ireland*, 456 U.S. at 705).  Objections to personal jurisdiction generally must be raised in a timely fashion, meaning in a party's first pleading in the case, or they are waived.  *See, e.g., Broad. Music, Inc. v. M.T.S. Enters., Inc.*, 811 F.2d 278, 281 (5th Cir. 1987).  And a motion brought under Federal Rule of Civil Procedure 60(b)(4) must be made within a reasonable time, meaning the party exercised diligence and did not sleep on their rights.  *See id.*; *see also* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

Lane did not raise the issue of personal jurisdiction in either the Florida case or in the Bankruptcy Court before it entered its final judgment.   *See* R. [2-2]; R. [2-3]; R. [2-4]; R. [2-5]; *see also, e.g., Karam Family, LLC v. Lane*, No. 23-06003-KMS, No. 8 (Bankr. S.D. Miss. Mar. 13, 2023) (Lane's Answer and Counterclaim); *Karam Family, LLC v. Lane*, No. 23-06003-KMS, No. 28 (Bankr. S.D. Miss. Nov. 10, 2023) (Lane's Memorandum in Support of Motion for Summary Judgment); *Karam Family, LLC v. Lane*, No. 23-06003-KMS, No. 36 (Bankr. S.D. Miss. Jan. 10, 2024) (Lane's Response in Opposition to Karam's Motion for Summary Judgment).   Nor did Lane file a Rule 60(b)(4) motion arguing that the Bankruptcy Court's final judgment was void.[4]

On this record, the Court cannot say that the Bankruptcy Court erred in not sua sponte addressing the state court's personal jurisdiction over Lane.   By not timely raising the question of personal jurisdiction at any point prior to this appeal, Lane has slept on his rights and waived that objection; the Court will not consider personal jurisdiction for the first time on appeal.   *See Insurance Corp. of Ireland*, 456 U.S. at 703-05; *Broad. Music, Inc.*, 811 F.2d at 281; *Martin v. State*, No. 23-14187, 2026 WL 482266, at *2 (11th Cir. Feb. 20, 2026) (per curiam); *see also In re McCann*, 268 F. App'x 359, 363 (5th Cir. 2008) (per curiam) (recognizing that parties cannot advance on appeal new theories or raise new issues not properly

---

[4]   It appears that the first time the issue was raised was in a motion to stay pending appeal and request to waive bond requirement pending resolution of this appeal, which was not filed until May 8, 2025, after the Bankruptcy Court had entered final judgment.   *See* R. [2-3] at 199-200.

raised in the lower court (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1071 n.1 (5th Cir.1994) (en banc)).

In sum, after conducting a de novo review, the Court finds that the Bankruptcy Court correctly applied collateral estoppel to the Florida default judgment and that the Florida court's civil theft finding satisfies the requirements for nondischargeability under 11 U.S.C. § 523(a)(4).   The decision of the Bankruptcy Court should be affirmed and this appeal dismissed.

IV.   CONCLUSION

Having applied the appropriate standards of review, the Court finds that the Bankruptcy Court's April 28, 2025, Final Judgment should be affirmed.   To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the April 28, 2025, Final Judgment entered by the United States Bankruptcy Court for the Southern District of Mississippi is **AFFIRMED**, and this appeal is **DISMISSED**.

**SO ORDERED AND ADJUDGED**, this the 22nd day of May, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE

17